JUSTICE LEAPHART,
specially concurring.
I concur with the Court’s conclusion that the claim against the county attorney was properly dismissed and that HPC has standing. I specially concur, however, to note that § 20-3-332, MCA, which was invoked by the plaintiffs and discussed by the District Court, provides authority for HPC’s standing to sue the school district trustees. Section 20-3-332(2), MCA, provides that:
(2) The trustees of each district shall be responsible for the proper administration and utilization of all moneys of the district in accordance with the provisions of law and this title. Failure or refusal to do so shall constitute grounds for removal from office. Those trustees consenting to illegal use of the moneys shall be *376 jointly and individually liable to the district for any losses the district has realized. The county attorney shall prosecute any proceeding arising pursuant to this section, or a party seeking such action may retain private counsel. The party commencing the action shall be liable for the costs if the action fails. [Emphasis added.]
Section 20-3-332(2), MCA, provides for trustee liability for illegal use of monies. The statute also clearly envisions that, in addition to the county attorney being able to file suit to impose this liability on behalf of the public, other private parties may retain counsel and seek to impose the liability as well. In recognizing that parties may retain private counsel and file suit pursuant to this statute, the legislature has acknowledged that private parties too will be injured by the illegal use of monies and that such injury is distinguishable from the injury to the public generally. Stewart v. Board of County Commr’s (1977), 175 Mont. 197, 201, 573 P.2d 184, 186. If plaintiffs, as parents and taxpayers, do not qualify as such “parties,” then it is difficult to imagine who would. Accordingly, I would hold that HPC has standing to sue the school district trustees based upon the narrow provisions of § 20-3-332(2), MCA.